UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVIG, LLC, | Case No. 2:23-CV-186 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| MISTER BRIGHTSIDE, LLC, | |
| Defendant(s). | |

Presently before the court is defendant Mister Brightside, LLC's motion to dismiss plaintiff EVIG LLC's complaint. (ECF No. 7). Plaintiff filed a response (ECF No. 10), to which defendant replied (ECF No. 13). Also before the court is plaintiff's motion to remand (ECF No. 9), which has been fully briefed. (ECF No. 12; ECF No. 14). The court DENIES plaintiff's motion to remand and GRANTS defendant's motion to dismiss.

**I.     Background**

This matter arises out of alleged trade dress infringement. Plaintiff markets and sells health supplements that contain concentrated servings of fruits and vegetables. Plaintiff alleges that it has been selling its "proprietary blend" of nutrients for more than 20 years and that the defendant sells similarly packaged supplements in an effort to capitalize on plaintiff's "popularity." (ECF No. 1-1 at 4).

Plaintiff's products are sold in bottles with specific color schemes (red for fruits, green for vegetables, both with yellow lettering), specific layouts of fruits and vegetables, and specific typeface (including replacing the letter "a" in the word "nature" with a leaf design). (*See id*. at 4). The bottles also feature the words "Whole Produce" above either "Fruits" or "Veggies" depending on the product, and each bottle notes that it contains 90 capsules. (*Id.*) According to plaintiff,

**James C. Mahan**
**U.S. District Judge**

defendant not only imitated these allegedly distinctive elements in its own packaging, but it also replicated some of the copy appearing on plaintiff's products. (*Id.*)

As a result, plaintiff brought this suit in state court alleging trade dress infringement, amongst other claims. (ECF No. 1-1). Defendant then removed the action to this court (ECF No. 1) and plaintiff now challenges the timeliness of removal (ECF No. 7). Defendant also moves to dismiss the complaint. (ECF No. 7).

**II.  Discussion**

**A.  Plaintiff's Motion to Remand**

This action was removed to federal court under 28 U.S.C. § 1331 because plaintiff pled Lanham Act claims. (ECF No. 1). Plaintiff argues that removal was untimely under 28 U.S.C. § 1446(b) because defendant filed its petition for removal on February 3, 2023, more than 30 days after the defendant was allegedly served on August 19, 2022 (ECF No. 9 at 1–3). Defendant counters that plaintiff served the wrong entity in 2022, and therefore the 30-day removal window did not begin until defendant waived service on February 3, 2023.[1] (ECF No. 12 at 8–9). The court finds that removal was proper and accordingly denies plaintiff's motion to remand.

28 U.S.C. § 1446(b) requires defendants to remove their actions to federal court "within 30 days after the receipt by the defendant, through service or otherwise," a copy of the complaint. In interpreting the phrase, "though service *or otherwise*," the Supreme Court held that the 30-day period for removal is triggered by *formal* process, not the mere receipt of the complaint by a defendant through informal means. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

"[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* 350. Thus, in the "absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.*

---

[1] The state court case number is A-22-854814-B.

The defendant provides evidence, which the plaintiff does not successfully rebut, that plaintiff never effectuated formal service on it. Plaintiff appears to have mistakenly served an unrelated—but similarly named—Florida entity instead of defendant. (*Compare* ECF No. 12-9 *with* ECF No. 12-11 *and* ECF No. 14-8)

Plaintiff does not provide a coherent argument for why this court should find that the defendant was served in August of 2022. (*See generally* ECF No. 9; ECF No. 14). The court therefore determines that the defendant properly removed this action to federal court on February 3, 2023, the same day the 30-day period under 28 U.S.C. § 1446(b) was triggered by its waiver of service. Because the court is not remanding the case, plaintiff's request for attorney's fees "incurred as a result of removal" under 28 U.S.C. § 1447(c) is also denied.

**B. Defendant's Motion to Dismiss**

Defendant seeks to dismiss all of plaintiff's claims because they are insufficiently pled. Plaintiff responds with conclusory and irrelevant arguments that fail to explain how it has properly pled its claims for relief and intimates that the court should excuse any pleading deficiencies because defendant "fully understands the allegations as set forth in the [c]omplaint." (ECF No. 1-1 at 5). But whether a defendant "understands" the claims is irrelevant. Plaintiff must set forth sufficient facts to state a claim of relief that is plausible (not merely possible) on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff has failed to do that here, and the court dismisses each of its claims.

1. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing

James C. Mahan
U.S. District Judge

- 4 -

party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### 2. Plaintiff's Claims

#### a. Injunctive and Declaratory Relief

As an initial matter, the court dismisses plaintiff's first two causes of action—declaratory relief and injunctive relief. As to the declaratory relief claim, it is substantively identical to plaintiff's trade dress claim. It seeks a declaration that defendant has infringed on plaintiff's rights. Because adjudication of the trade dress claim requires the court to make exactly that determination, this claim is duplicative, and the court dismisses it. As to the injunctive relief claim, injunctive relief is not an independent, free-standing cause of action. It is a form of relief the court may grant. Indeed, subsequent to this motion, plaintiff filed a motion for a preliminary injunction seeking exactly that relief. (ECF No. 23). Thus, the court dismisses this claim as well, but it may issue injunctive relief as a remedy if appropriate.

#### b. False Advertising

Plaintiff's third cause of action (which it mistakenly labeled as its fourth) is styled as a claim for "False Advertising/Lantham [sic] Act Violation/Unfair Competition," but plaintiff's allegations in support seem more akin to a false association claim, which is a markedly different type of claim with distinct legal analyses. Plaintiff's response is similarly unhelpful in deciphering the basis for this claim as it is bereft of useful legal citations and is internally inconsistent. Plaintiff asserts that "the [third] cause of action does not allege false advertising" even though it is labeled as such in the complaint. (ECF No. 10 at 7). Plaintiff goes on to contradict itself by arguing that its third cause of action was sufficiently pled because it alleged all the elements required by a case—about false advertising. (ECF No. 10 at 7). It appears that plaintiff may itself be confused about the basis for its third cause of action.

The Supreme Court and the Ninth Circuit have both drawn sharp distinctions between claims brought under 15 U.S.C. § 1125(a)(1)(A) and § 1125(a)(1)(B). *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 872 U.S. 118, 122 (2014) (*citing Waits v. Frito-Lay, Inc.*, 978 F.2d

James C. Mahan
U.S. District Judge

- 5 -

1093, 1108 (9th Cir. 1992)) ("Section 1125(a) thus creates two distinct bases of liability: false association, §1125(a)(1)(A), and false advertising, §1125(a)(1)(B)."). In a false advertising claim originating under subsection B, "the question is not confusion of source, but confusion as to a competing product's attributes." *Spring Mills, Inc. v. Ultracashmere House, Ltd.,* 532 F. Supp. 1203, 1220 (S.D.N.Y. 1982), *rev'd on other grounds,* 689 F.2d 1127 (2d Cir. 1982).

Put differently, false advertising claims focus on whether a defendant has made some false statement in advertising about the product that fundamentally misrepresents its qualities. A false association claim under subsection A, on the other hand, serves as the functional equivalent of a traditional trademark infringement claim for unregistered marks and trade dress. *See 1-800 Contacts, Inc. v. Lens.Com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013). That is, the focus of the claim is on whether the trade dress (or unregistered mark) causes confusion by leading consumers to think that two products from different sources are actually from the same source. *See Waits*, 978 F.2d at 1108.

The substance of plaintiff's third cause of action fails under either analysis. As a false advertising claim, it is insufficient because the only allegation related to any sort of false or misleading statement is the bald assertion that the defendant "advertised [its] products for sale on Amazon and made false or misleading statements about [its] products." (ECF No. 1-1 at 7, ¶ 45). The complaint does not identify the false statements or explain why they are false. The remaining accusations suggest that defendant should be liable for causing confusion to consumers as to the *source* of the products—i.e., a false association claim. But a false association claim is duplicative of plaintiff's fifth cause of action for trade dress infringement. Therefore, the court dismisses the plaintiff's third cause of action.

*c. Intentional Interference with Prospective Economic Advantage*

Plaintiff's fourth cause of action (incorrectly labeled as its fifth) for intentional interference with economic relations also fails. Such a claim requires a plaintiff to allege "(1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result

James C. Mahan
U.S. District Judge

- 6 -

of the defendant's conduct." *Consol. Generator–Nev., Inc. v. Cummins Engine Co.*, 971 P.2d 1251, 1255 (Nev. 1998) (per curiam).  This court, and other courts in this district, have regularly held that generalized pleading about hypothetical consumers is insufficient to survive a motion to dismiss.  *See Rimini St., v. Oracle Int'l Corp.*, 2017 WL 5158658, at *9 (D. Nev. Nov. 7, 2017); *Coffee v. Stolidakis*, 2022 WL 2533535 (D. Nev. July 6, 2022); *Matthys v. Barrick Gold of N. Am.*, 2020 WL 7186745 (D. Nev. Dec. 4, 2020).

The plaintiff's allegations here are wholly speculative.  Nowhere in the complaint does it identify a single consumer with whom it had a prospective contract that instead purchased defendant's goods.  The allegations simply assume that defendant must have known that plaintiff had relationships with "third-party consumers" generally.

Plaintiff even acknowledges in its response that it does not currently know of any specific customers but "will request [d]efendant's customer list and will establish the connection and establish the case" during discovery (ECF No. 10 at 9).  It is well-established that courts do not "condone the use of discovery to engage in fishing expeditions" when a plaintiff's allegations are based on mere speculation.  *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (cleaned up).  The complaint does little more than speculate that harm might have occurred while parroting the elements of this claim, and such "formulaic recitations" are insufficient to state a claim for relief.  *Iqbal*, 556 U.S. at 678.  The court dismisses this cause of action.

### d. Trade Dress Violation

Plaintiff's primary claim is for trade dress infringement, or as styled in the complaint "Latham [sic] Act, Trade Dress Violation." (ECF No. 1-1 at 10).  Trade dress must be both distinctive and nonfunctional to be protected.  *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000).  Several district courts in this circuit have determined that a party must set forth an exhaustive list of protected elements to successfully plead a claim for trade dress infringement.  *See, e.g.*, *Lepton Labs, LLC v. Walker,* 55 F. Supp. 3d 1230, 1240 (C.D. Cal. 2014).

This list of elements is designed to give a defendant notice of the specific trade dress elements it has allegedly infringed.  *Id.* at 1240.  For that reason, the use of language like "including" or "for example" to introduce the list of elements does *not* provide a defendant with

James C. Mahan
U.S. District Judge

- 7 -

notice because it does not clearly delineate the boundaries of protection that the plaintiff is claiming. *See Mosaic Brands, Inc. v. Ridge Wallet LLC,* No. 2:20-CV-04556-AB-JCX, 2020 WL 6821013, at *6 (C.D. Cal. Oct. 29, 2020) (citing *Sugarfina, Inc. v. Sweet Pete's LLC*, No. 17-cv-4456-RSWL-JEM, 2017 WL 4271133, at *4 (C.D. Cal. Sept. 25, 2017)). When a party pleads a list of elements with a non-limiting qualifier, they are leaving the door open to redefine the purportedly protected elements at a later stage of litigation. *See Sleep Sci. Partners v. Lieberman,* No. 09-04200 CW, 2010 WL 1881770, at *3 (N.D. Cal. May 10, 2010).

Plaintiff's alleged list of protected elements presents two problems. First, it is preceded by a non-limiting qualifier—"includes"—which leaves the door open for plaintiff to redefine its alleged protected elements at a later date.[2] (ECF No. 1-1 at 4, ¶ 14). Second, plaintiff's complaint appears to allege additional protected elements that are not included in its list in paragraph 14.[3]

Defendant cannot possibly have notice of the claims against it when even the court cannot decipher the plaintiff's complaint. Moreover, the complaint does not contain any allegations that plaintiff maintained priority of use (i.e., used the trade dress first) or that the alleged trade dress is nonfunctional.[4]

Plaintiff simply rattles off a list of the elements of trade dress infringement, concludes that the two products look similar, proffers a side-by-side photograph, and invites the court to draw its own conclusions as to plaintiff's protected elements. (ECF No. 10 at 10).[5] The court will not do so. Because plaintiff has not provided a bounded list of protectable elements or properly pled its pre-existing rights in its purported trade dress, the court dismisses this claim.

---

[2] Even in plaintiff's response, it uses the word "etcetera" at the end of its list of protected elements. (ECF No. 10 at 10).

[3] For example, in paragraph 16, plaintiff adds that defendant's substantially similar packaging "even copie[s] verbatim the Supplemental Facts on [p]laintiff's package." (ECF No. 1-1 at 4).

[4] Though the court need not address functionality to adjudicate this motion, it is skeptical that certain elements are nonfunctional and thus protectable. In particular, the supplemental facts label that plaintiff claims is protected (but curiously omits from its non-exhaustive list of trade dress elements) seems to be a functional description of the ingredients.

[5] Plaintiff does this all while providing no legal citations to support its position.

James C. Mahan
U.S. District Judge

- 8 -

      *e. State Law Dilution*

   Plaintiff's final claim alleges violation of the Nevada dilution statute, Nev. Rev. Stat. § 600.435.[6]  Trademark dilution occurs when a junior user's mark causes a senior user's mark to lose its distinctiveness.  *See* Nev. Rev. Stat. § 600.435(5)(b) (West 2023).  A "mark" is defined as "any trademark, trade name or service mark entitled to registration whether registered or not." Nev. Rev. Stat. § 600.260 (West 2023).  Amongst other things, a dilution claim requires that the plaintiff's mark be "famous," and the statute lays out eight factors courts must consider when evaluating claims of fame.  NRS 600.435(2)(a)–(h).

   Plaintiff fails to allege that its mark is famous.  Plaintiff simply posits that it has used its mark for roughly 20 years and assumes that makes it famous.  However, courts in this district have found that a plaintiff must explicitly allege that the mark or trade dress is famous and support this contention to succeed on a dilution claim.  *See Carpet Cops, Inc. v. Carpet Cops, LLC*, No. 3:11-CV-00561-RCJ, 2012 WL 3929783 (D. Nev. Sept. 6, 2012) (declining to award default judgment on a dilution claim where plaintiff did not allege the mark was famous in Nevada).

   And, as with the trade dress claim, plaintiff fails to establish priority of use.  It does not allege *when* its trade dress allegedly became famous.  Specifically, there are no allegations that the trade dress was famous before defendant allegedly began infringing and diluting it.  This claim does not allow the court to infer more than a mere possibility of relief. It is dismissed.

. . .

**III. Conclusion**

Accordingly,

   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 9) is DENIED.

   IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 7) is GRANTED.

   IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED, without prejudice

---

[6] Plaintiff's claim is styled as "Violation of NRS 600.435 and 600.450." (ECF No. 1-1 at 11). Section 600.450 discusses inapplicable criminal penalties.  Section 600.435 is thus the relevant statute here.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (ECF No.
2    23) is DENIED as moot.
3    DATED September 5, 2023.

_____
UNITED STATES DISTRICT JUDGE